# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## JERRY WYNN v. DANA WYNN

**Direct Appeal from the Chancery Court for Gibson County**
**No. 17234          George R. Ellis, Judge**

_____

**No. W2014-00079-COA-R3-CV - Filed May 19, 2014**

_____

The order appealed is not a final judgment and therefore, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Harold Ross Gunn, Humboldt, Tennessee, for the appellant, Jerry Wynn.

Mary Jo Middlebrooks, Jackson, Tennessee for the appellee, Dana Wynn.

**MEMORANDUM OPINION[1]**

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the request for an award of attorney fees as set forth in "Motion to Dismiss Motion for Findings of Fact and Conclusions of Law" filed by Appellee/Defendant Dana Wynn in the trial court on August 23, 2013.

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By Order entered on March 17, 2014, the Court directed Appellant Jerry Wynn to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment within fifteen (15) days of the entry of that Order. Appellant submitted a response to our Order on March 19, 2014, wherein Appellant assured the Court that the order appealed was in fact a final judgment. Appellant, however, did not address the Court's concern that there was no adjudication of Appellee's request for an award of attorney fees.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See* ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Because the trial court did not adjudicate Appellee's request for an award of attorney fees, the order appealed is not a final judgment. Therefore, the Court does not have jurisdiction and this appeal must be dismissed.

## Conclusion

The appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Jerry Wynn, and his surety for which execution may issue if necessary.

**PER CURIAM**